NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIE L. REED, | No. 16-55116 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01396-MWF |
| v. | |
| | MEMORANDUM[*] |
| VIRGINIA A. PHILLIPS, an individual; THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Christie L. Reed appeals pro se from the district court's judgment dismissing

her action under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Narcotics*, 403 U.S. 388 (1971), alleging various constitutional, statutory, and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (sua sponte dismissal for lack of subject matter jurisdiction); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (sua sponte dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Reed's claims against Judge Phillips because they are barred by judicial immunity. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (noting that "[j]udges are absolutely immune from civil liability for damages in their judicial acts" and judicial immunity for federal officers "extends to actions for declaratory, injunctive, and other equitable relief"); *see also Mireles v. Waco*, 502 U.S. 9, 10-12 (1991) (per curiam) (the only exceptions to judicial immunity are if the actions were not taken in the judge's judicial capacity or if there is a complete absence of jurisdiction). Contrary to Reed's contentions, Judge Phillips did not act in the complete absence of jurisdiction.

The district court properly dismissed Reed's claims against defendant the United States District Court, Central District of California, Eastern Division, because the United States may not be sued without an express waiver of its sovereign immunity. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir.

2011).

We reject as without merit Reed's contentions that Judge Fitzgerald should be disqualified, that the district court lacked jurisdiction to decide the instant case, and that the dismissal of this action violated due process and equal protection.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-55116